IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VLADIMIR GRIBOV,

        Plaintiff,                 No. CIV S-11-2714 LKK GGH PS

   vs.

NINA,                            __ORDER AND FINDINGS AND__

        Defendant.         __RECOMMENDATIONS__

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a

9    cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

10   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

11   "The pleading must contain something more...than...a statement of facts that merely creates a

12   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

13   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

14   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

15   v. Iqbal, 556 U.S.662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

16   S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

17   the court to draw the reasonable inference that the defendant is liable for the misconduct

18   alleged."  Id.

19   Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

20   520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

21   Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

22   plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

23   dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

24   The court is unable to determine a jurisdictional basis for this action.  A federal

25   court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the

26   Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114

1  S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United

2  States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from

3  time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district

4  courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-

5  99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time

6  by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93

7  F.3d 593, 594-95 (9th Cir. 1996).

8         The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

9  question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject

10  matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.

11  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible

12  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.

13  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as

14  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.

15  Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

16         For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be

17  diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal

18  question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a

19  federal law or the United States Constitution, (2) allege a "case or controversy" within the

20  meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr,

21  369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

22         In this case, plaintiff alleges that defendant Nina[1], plaintiff's former friend and

23  landlord, kicked him out of the duplex he was renting from her, and moved all his belongings to

24  the garage while he was away on a trip.  As a result, on his return he was forced to stay in a hotel

25

26      [1]  Plaintiff has not provided a last name for defendant.

for five nights at a cost of $300.  He also claims that "Nina cancelled [plaintiff's] ID for [his] tenancy when [he] came to provide service for lady, which [he is] caregiver for.  Because of that [he] lost his job."  His belongings have not been returned to him.  His only claim is for breach of contract.

The complaint asserts no basis for jurisdiction.  It does not raise a federal question but is limited to a breach of contract or landlord tenant dispute which should be adjudicated in state court.  Only if plaintiff can allege a violation of his constitutional rights or federal law can he maintain an action for which there is federal jurisdiction.  For diversity jurisdiction, plaintiff would need to allege that he is diverse from the defendant, and provide the state of residence for all parties.  His alleged damages would also need to exceed $75,000.  Since plaintiff has provided addresses for himself and defendant Nina, and they are both in California, there is no diversity jurisdiction.

Good cause appearing, IT IS ORDERED that: plaintiff's request for leave to proceed in forma pauperis is granted.

IT IS HEREBY RECOMMENDED that this action be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The

\\\\\
\\\\\
\\\\\
\\\\\

4

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: January 6, 2012

4                                          <u>/s/ Gregory G. Hollows</u>
                                          UNITED STATES MAGISTRATE JUDGE

5  GGH:076/Gribov2714.fr.wpd

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26